UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN T LANDIN,

           Plaintiff,

    v.

BILL DORAN,

        Defendant.

Case No. C02-01141RSM

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**JUNE 10th, 2005**

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

3, and MJR 4.  Before the court is defendant's motion for summary judgment.  (Dkt. # 84). Plaintiff

has responded and agrees this civil rights action should be dismissed.  He requests that the case be

re-designated as a habeas corpus petition and plaintiff/petitioner be given leave to file an amended

petition setting forth his claims and naming a proper respondent. (Dkt. # 86, 87, 88).  Defendant has

replied and opposes re-designation.  (Dkt. # 89).

REPORT AND RECOMMENDATION - 1

1

PROCEDURAL HISTORY AND FACTS

2      This action was originally filed in May of 2002.  The case was assigned to Judge Zilly and

3  referred to Magistrate Judge Weinberg.  The case was then transferred to the Tacoma court.  (Dkt. #

4  4).  The case was assigned to Judge Bryan and referred to Magistrate Judge Martinez. (Dkt. # 7).

5      On July 30th, 2002 the court appointed plaintiff counsel.  (Dkt. # 13).  Over the next two

6  years the case languished and on no less then three occasions attorneys appointed from the pro bono

7  panel found themselves unable to represent the plaintiff for one reason or another.  (Dkt. # 13 to 47).

8  During this time frame the case was reassigned to this Magistrate Judge and District Court Judge

9  Martinez.

10     In June of 2004 the court appointed Mr. Lobsenz to the case.  The defendant moved for

11 summary judgment and the plaintiff asks that the action be re-designated as a habeas corpus petition.

12     The original action challenges the transfer of plaintiff from the Monroe Correctional

13 Complex, MCC, to the Stafford Creek Correctional Center, SCCC.  Plaintiff claimed the transfer

14 was retaliatory and that because his legal materials were not transferred with him he missed the

15 deadline for filing his federal habeas corpus petition to challenge his conviction.  Plaintiff claims there

16 was a five month delay in receiving his legal materials.

17     The only named defendant is Bill Doran, the former MCC health care manager.  Mr. Doran

18 indicates he transferred plaintiff to SCCC so plaintiff's medical conditions could be treated br Dr,

19 Khurshid who works at SCCC.  Apparently Dr. Khurshid specializes in treatment of complex cases.

20 (Dkt. # 85).  Defendant Doran avers he played no part in deciding what legal materials were

21 transferred with plaintiff and was not aware of any problem regarding plaintiff's legal work until he

22 was served with a copy of this law suit. (Dkt. # 85).  Mr. Doran indicates the transfer was for

23 medical reasons and not retaliation.

24     While plaintiff originally believed the transfer to be punitive he now agrees that the medical

25 treatment he is receiving is better and his health has improved.  (Dkt. # 88).  The plaintiff indicates "I

26 no longer believe that my transfer to Stafford Creek was made in bad faith, or that Mr. Doran was

27 trying to harm me by causing my transfer to Stafford Creek."  (Dkt. # 88, page 3, ¶ 6).

28 REPORT AND RECOMMENDATION - 2

DISCUSSION

The parties agree this case should not proceed as a civil rights action.  According, the civil rights action should be dismissed.

Given the delay that has occurred in this case because of the appointment and dismissal of three pro bono panel attorneys, having the case re-designated as a habeas action and directing the petitioner to file a petition makes sense.  This ensures the court has the full record before it when it considers the equitable tolling issue.  Dismissal and the re-filing of the case would necessitate incorporation of large parts of the record from this action into the new action.

The undersigned therefore recommends that this case be re-designated as a petition filed pursuant to 28 U.S.C. § 2254 and petitioner be instructed to file an amended petition.  Counsel for petitioner is reminded that in federal court leave of court is needed to withdraw from a case.

CONCLUSION

This action should be re-designated as a habeas petition and counsel for petitioner directed to file a petition.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 10th, 2005**, as noted in the caption.

DATED this 9th,  day of May, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3