UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN T. LANDIN,<br><br>        Petitioner,<br><br>v.<br><br>DOUG WADDINGTON,<br><br>        Respondent. | Case No.  C02-1141RSM<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 11th, 2005** |

    This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. The respondent has filed an answer, (Dkt. # 97). This matter is now ripe for review and the Court concludes this petition is time barred and without merit. Accordingly, this petition should be **DISMISSED WITH PREJUDICE.**

<u>BASIS FOR CUSTODY</u>

    Petitioner is in custody at the Stafford Creek Corrections Center pursuant to 1980 convictions for three counts of first degree assault while armed with a deadly weapon. (Dkt. # 98, Exhibit 1). He was paroled in 1992. On August 11th, 1994 his parole was suspended. He was returned to Department of Corrections custody December 19th, 1995. Petitioner indicates he is serving three consecutive thirty year sentences. (Dkt. # 93).

## PROCEDURAL HISTORY

Petitioner filed a direct appeal and the state court of appeals affirmed the convictions on February 16th, 1982. (Dkt. # 93, page 2). Petitioner filed a petition for review with the state supreme court and review was denied May 21st, 1982. (Dkt. # 93 page 2). There is nothing in the record to indicate any federal habeas action was ever filed.

Since 1982 petition admits to filing as many as nine personal restraint petitions. (Dkt. # 93 page 3). Neither party to this petition is able to produce many of the personal restraint petitions because the cases are so old the files have been destroyed. (Dkt. # 97, page 2)

Respondent begins his analysis with the passage of the Antiterrorism and Effective Death Penalty Act, AEDPA, of 1996. This act became effective April 24th, 1996 and gave petitioner one year to file a federal habeas petition to challenge either his conviction or sentence. As petitioner had a state petition pending on April 24th, 1996 the one year limitation was not applicable. Petitioner had petitions pending in state court until October 3rd, 1997 (Dkt. # 93, page 4). The one year began to run thirty days later on November 3rd, 1997.

Nothing that would have stopped the running of the statute occurred during the year from November 3rd, 1997 to November 4th, 1998. The next personal restraint petition was not filed until November 22nd, 1999. (Dkt. # 97, page 4). Thus the one year statute ran and this petition is over six years time barred.

On November 22nd 1999 petitioner filed a motion "to correct judgment and sentence" in the King County Superior Court. (Dkt. # 97, page 2). The motion was transferred to the state court of appeals and dismissed as successive. (Dkt. # 97, page 2). Petitioner filed for discretionary review and review was denied on March 7th, 2001. (Dkt. # 97, page 2).

Petitioner presents this court with only one issue. He claims his sentence violates his Sixth Amendment right because facts were found by the judge at sentencing rather than by the jury. (Dkt. # 93). Thus the only issue raised is a retroactive <u>Apprendi</u> claim. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

REPORT AND RECOMMENDATION
Page - 2

DISCUSSION

A.   One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The act became effective April 24th, 1996.  Petitioner had an active case pending in state court at that time.  He had active personal restraint petitions pending until October 3, 1997 when his petition was dismissed.  The statute of limitations began to run on November 3rd, 1997.  He filed nothing that would have tolled the running of the statute and on November 3rd, 1998 the time allowed for filing a federal habeas petition expired.  Thus, this petition is time barred.

B. On the merits.

Alternatively, this petition fairs no better.  The Apprendi issue raised in the petition is an attempt to apply the reasoning of Apprendi retroactively. Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi does not apply retroactively.  Rees v. Hill, 286 F.3rd 1103 (9th Cir. 2002).

CONCLUSION

The petition is time barred and with out merit.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
Page - 3

1   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
2 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
3 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
4 appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
5 72(b), the clerk is directed to set the matter for consideration on **November 11th, 2005**, as noted in
6 the caption.

DATED this 26th day of October, 2005.

Karen L. Strombom
United States Magistrate Judge